Argued February 5, affirmed February 19, 1964

# CHRISTENSEN *v.* POWELL

389 P. 2d 456

*Nels Peterson* and *Gerald H. Robinson,* Portland, argued the cause for appellant. With them on the

briefs were Peterson, Lent & Paulsen and Lohman & Robinson, Portland.

*C. Parker Gies,* Salem, argued the cause for respondent. On the brief were Lewelling & Gies, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

GOODWIN, J.

This is an action against the manufacturer and seller of a small motorcycle. Plaintiff sustained injuries when the front wheel broke off the vehicle on which he was riding. He appeals from the judgment which followed a verdict for the defendant.

The only assignment of error challenges the refusal of the trial court to receive in evidence the frame of a similar vehicle that had been assembled by the plaintiff.

Plaintiff operated an automobile repair business and also acted as a sales agent for contrivances referred to as "go-carts" and "mini-bikes." The plaintiff had manufactured a light-weight-motorcycle prototype for himself, using parts from a bicycle, a motor from a chain saw, and tubular metal from kitchen furniture. The defendant also had manufactured a similar vehicle, which he brought to the attention of the plaintiff. The parties thereafter spent a part of one day comparing their products. The complaint alleges, among other things, that a warranty of fitness for a particular purpose arose out of conversations that took place on that day.

The plaintiff testified that the defendant told him that he would "get hurt on that piece of junk," referring to the model the plaintiff had made. The defendant conceded that he had urged the plaintiff

to buy the defendant's product. There was no evidence, apart from the testimony quoted above, however, that safety was specifically discussed between the parties. The parties appeared to have been concerned primarily with the performance to be expected of their respective handiwork in cross-country operations. The devices were intended to be usable where there are no roads. The plaintiff eventually purchased one of defendant's vehicles. Some time later the plaintiff was injured while riding it. In this action for damages, the plaintiff alleged negligence in design and manufacture as well as breach of warranty.

The offer of the plaintiff's motorcycle frame in evidence was objected to and the objection was sustained before the defendant could state his grounds of objection. The plaintiff accordingly had no convenient opportunity to state the purpose for which the exhibit was offered. The exhibit did not, of itself, disclose any probative purpose. The trial court did not invite argument on the matter.

■ Where an exhibit does not on its face, or with the help of other evidence, reveal any purpose for its introduction, this court will not find error in a ruling which excludes the evidence unless the record shows that some explanation was made to the trial judge. The purpose of advising the trial court in such matters is to avoid an error, or rectify an error before it becomes irreparable. *Frangos v. Edmunds,* 179 Or 577, 602, 173 P2d 596 (1946); *O'Brien v. Dunigan,* 187 Or 227, 234, 210 P2d 567 (1949). See, also, Joseph, *Uniform Rules of Evidence,* 41 Or L Rev 279 (1962).

Here there was no evidence or explanation connecting the exhibit with a material question of fact, but only some scattered colloquy when the exhibit was marked for identification. The exhibit was of-

fered, not when it was marked, but two or three days later, after a great volume of intervening evidence had gone into the record. The rejected exhibit was, however, referred to from time to time, generally in connection with its alleged superiority of design as compared to the defendant's product. Counsel may have been of the opinion that an explanation had been offered somewhere along the line. In order to give the appellant an opportunity to be heard on the merits, we will treat the colloquy of counsel as having given the trial court a reason for receiving the exhibit.

By putting upon the colloquy the most liberal interpretation, we may treat it as having advised the court that the exhibit was being offered to prove (1) that the defendant was negligent in using a defective design, and (2) that the defendant was guilty of a breach of warranty. No evidence or explanation was offered, however, to show how or why the plaintiff's rejected exhibit tended to prove any defect in the defendant's product. It goes without saying that the plaintiff's exhibit could have shed no light on the question of an alleged warranty.

In oral argument counsel have directed our attention to certain structural and design differences between the two products. The breakdown of the defendant's vehicle that caused the accident, however, was not of a part that was shown to have had any relation to the structural and design differences between the two vehicles. But even if the differences in design had been related to the alleged defect, the trial court would not have been in error in refusing to receive the exhibit. The mere fact that the plaintiff had built a better machine, if such were the fact, would not tend to prove that the defendant was negligent in

building his machine. The general statement in the brief that the exhibit tended to prove that the defendant employed a defective design does not make the assertion true. The statement in the brief with reference to the issue of warranty likewise fails to establish the existence of a relationship between the exhibit and the issue to be proven.

■ The plaintiff has indicated some concern that the trial court may have excluded his exhibit simply because it was "demonstrative" evidence. There is nothing wrong with demonstrative evidence *per se*. It should, however, demonstrate something material to the case. The problem here is that the evidence, no matter how it is characterized, does not tend to prove a material fact in the case.

We attach no significance in this case to the coincidence that the plaintiff himself, prior to misadventure, had manufactured the product that he offered as an exhibit. The rule would be the same if he were offering one he had obtained elsewhere.

■ Since we hold that the exhibit was properly excluded as irrelevant, there is no need to consider whether or not the rejection of such an exhibit would have been an abuse of discretion if the exhibit had possessed some probative value. See *Rich v. Cooper,* 234 Or 300, 380 P2d 613 (1963).

Affirmed.